IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ATHLETIC BUSINESS MEDIA, INC.,

                       Plaintiff,

    v.

NATIONAL WOOD FLOORING ASSOCIATION,

                       Defendant.

OPINION & ORDER

16-cv-606-jdp

---

      Plaintiff Athletic Business Media, Inc. has published a magazine for defendant National Wood Flooring Association (NWFA) for thirty years. NWFA now wants to terminate the publishing contract. Athletic Business has filed suit, claiming that NWFA's termination, and some disparaging remarks that NWFA allegedly made about Athletic Business in the process, violate Wisconsin's Fair Dealership Act and the publishing contract's implied covenant of good faith and fair dealing.

      NWFA moves to dismiss this case in favor of arbitration pursuant to the contract's arbitration clause under Federal Rule of Civil Procedure 12(b)(3) and the Federal Arbitration Act. Dkt. 12. But Athletic Business contends that its request for injunctive relief fits within a contractual exception to the arbitration clause. The court will grant a preliminary injunction to enjoin NWFA from making any further disparaging remarks about Athletic Business, because NWFA does not object to that relief. But the main issue is a matter of contractual interpretation, which requires the court to reconcile potentially conflicting contract provisions. The court concludes that terminating the contract precisely according to its express terms is not a "breach" that would fall within the contract's injunctive relief exception

to arbitration. Accordingly, the court concludes that the parties' dispute must be arbitrated, and it will grant NWFA's motion to dismiss the case.

BACKGROUND

When deciding a motion to dismiss under Rule 12(b)(3), the court should draw reasonable inferences from the facts in the plaintiff's favor, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011), and it need not limit its consideration to the pleadings. *Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005).

Athletic Business has published the magazine Hardwood Floors, using NWFA's name and trademarks, for almost 30 years under a series of publishing contracts. Under the terms of the current publishing contract, NWFA may terminate the contract upon 30 days' written notice, a two-thirds affirmative vote of the NWFA Board of Directors, and payment of $250,000 to Athletic Business. NWFA has done just that, providing a written, 30-day notice of termination to Athletic Business on August 26, 2016, and following up with a $250,000 payment to Athletic Business a few weeks later.

Athletic Business filed this suit claiming that NWFA breached the contract's implied covenant of good faith and fair dealing and violated the Wisconsin Fair Dealership Law (WFDL), Wis. Stats. Ch. 135, and Wis. Stat. § 134.01 when it: (1) terminated the contract without good cause or proper notice; and (2) made improper, false, or denigrating statements about Athletic Business and its agents and representatives to Athletic Business's employees, customers, and advertisers. Dkt. 1, at 4. Athletic Business moved for a temporary restraining order and preliminary injunction. Dkt. 4. The court denied Athletic Business's motion for a temporary restraining order. Dkt. 9. NWFA moved to dismiss the case in favor of arbitration.

2

Dkt. 12. The court stayed briefing on the motion for preliminary injunction pending the resolution of NWFA's motion to dismiss in favor of arbitration. Dkt. 15.

The court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, because the parties are completely diverse and the value of the relief sought exceeds $75,000.

## ANALYSIS

To compel arbitration, "a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). Federal policy favors arbitration, in that courts resolve ambiguities in favor of finding enforceable agreements to arbitrate. *Druco Restaurants, Inc. v. Steak N Shake Enters., Inc.*, 765 F.3d 776, 781 (7th Cir. 2014). In other words, the parties must arbitrate those disputes they agreed to arbitrate. The question here is whether the parties agreed to arbitrate the dispute over the termination of the publishing contract.

NWFA's motion to dismiss in favor of arbitration is based on the contract's arbitration provision, Section 22, which is broad and plainly stated:

> Any claim, dispute or controversy arising out of, or in connection with, this Agreement, or any breach hereof, shall be arbitrated by the parties pursuant to the terms and procedures of the American Arbitration Association (or such other terms and procedures as the parties shall agree upon). The arbitration shall be held in Chicago, Illinois.

Dkt. 3, at 9. This simple, unambiguous paragraph would be decisive if it were the only contract provision concerning disputes. But it is not.

Athletic Business relies on another provision, Section 17, one that gives the parties the right to seek injunctive relief in court to remedy uncured breaches of the contract:

3

> Each party acknowledges that an uncured breach of this Agreement will result in immediate and irreparable damage to the other party hereto. Each party acknowledges and admits that there is no adequate remedy at law for such breach, and agrees that in the event of a breach of this Agreement, the other party hereto shall be entitled to equitable relief by way of temporary and permanent injunctions and such other further relief as any court with jurisdiction may deem just and proper.

*Id.* at 8. Athletic Business contends that NWFA's termination constitutes a breach of the contract that gives Athletic Business the right to seek injunctive relief in court under Section 17. The court is not persuaded.

In interpreting the contract to reconcile Section 17 and Section 22, the court is guided by the policy favoring arbitration. Under the Federal Arbitration Act, the presumption of arbitrability dictates that "as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). The court must dismiss this action in favor of arbitration "unless it maybe said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

The starting point of the analysis is that NWFA complied with the express terms of the contract in terminating it. Termination according to the terms of the contract would not, under most circumstances, be a breach of the contract. But Athletic Business contends that NWFA's termination breaches an *implied* term, namely the covenant of good faith and fair dealing implied in every contract. The implied covenant of good faith and fair dealing sometimes allows a party to establish a breach of contract on the basis of conduct that is not expressly prohibited, but is nonetheless so unfair as to undermine the very purpose of the

4

contract. *Acetylene Gas Co. v. Oliver*, 939 S.W.2d 404, 410 (Mo. Ct. App. 1996). But the implied covenant of good faith cannot be used against conduct that is expressly allowed in the contract. "As a general principle, there can be no breach of the implied promise or covenant of good faith and fair dealing where the contract expressly permits the actions being challenged, and the defendant acts in accordance with the express terms of the contract." 23 Richard A. Lord, *Williston on Contracts* § 63:22 (4th ed. 2016). The contract is governed by Missouri law, which follows this general principle. *Bishop v. Shelter Mut. Ins. Co.*, 129 S.W.3d 500, 505 (Mo. Ct. App. 2004). Athletic Business has not alleged an actionable breach of the contract, and thus it cannot rely on Section 17, which applies to uncured breaches.

Athletic Business also alleges that the termination of the contract violates the WFDL, which extends certain protections against termination of dealerships. But even if Athletic Business could show that it is a dealer entitled to the protections of the WFDL, that would be a statutory violation, not a breach of contract. Section 17 says nothing about statutory violations. Athletic Business's WFDL claim is one that can be arbitrated. *S+L+H S.p.A. v. Miller-St. Nazianz, Inc.*, 988 F.2d 1518, 1526 (7th Cir. 1993).

The parties agreed to a broad arbitration clause here. If Athletic Business could prevent arbitration of a claim against NWFA's termination, it would be hard to imagine what would be subject to the agreement to arbitrate. The court concludes that plaintiffs' claims must be arbitrated.

However, the court cannot compel arbitration because the arbitration clause calls for arbitration outside the Western District of Wisconsin. *Faulkenberg*, 637 F.3d at 808 ("[U]nder § 4 of the FAA, a district court cannot compel arbitration outside the confines of

its district."). Under this circumstance, the court must dismiss the case under Federal Rule of Civil Procedure 12(b)(3) for improper venue. *Id.*

The court will grant the anti-disparagement injunction to which NWFA has agreed. The court has the authority to grant such an injunction to minimize the hardship to the parties pending resolution of the arbitration. *See Gateway E. Ry. Co. v. Terminal R.R. Ass'n of St. Louis*, 35 F.3d 1134, 1141 (7th Cir. 1994) ("[D]istrict courts are not precluded as a general matter from issuing preliminary injunctive relief pending arbitration." (quoting *Merrill Lynch, Pierce, Fenner & Smith v. Salvano*, 999 F.2d 211, 214 (7th Cir. 1993))); *see also Kiel v. City of Kenosha*, 236 F.3d 814, 816 n.4 (7th Cir. 2000) ("The purpose of a preliminary injunction is to minimize the hardship to the parties pending resolution of their lawsuit or arbitration.")

ORDER

IT IS ORDERED that:

1. Defendant National Wood Flooring Association's motion to dismiss, Dkt. 12, is GRANTED.

2. Plaintiff Athletic Business Media, Inc.'s motion for preliminary injunctive relief, Dkt. 4, is GRANTED in part as explained in the above opinion.

3. Defendant is enjoined from making any disparaging remarks about plaintiff or plaintiff's owners.

4. Plaintiff's motion for reconsideration, Dkt. 20, is DENIED.

5. The case is DISMISSED without prejudice. If arbitration does not resolve all of the issues, then any party may move the court to reopen the case.

Entered October 17, 2016.

>BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge